UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. 3:15-CR-59 | |
| | ) | | |
| | ) | (JORDAN / GUYTON) | |
| MARCUS WASHINGTON, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Motion to Dismiss Counts One and Two [Doc. 22], filed on September 8, 2015. The parties appeared for a hearing on the motion on September 23, 2015. Assistant United States Attorney Nicholas Durham appeared for the Government. Assistant Federal Defender Jonathan A. Moffatt represented the Defendant, who was also present. The parties presented argument, after which the Court took the motion under advisement. The Court finds that the Indictment properly charges a violation of 18 U.S.C. § 1591, that the facts alluded to by the Government show the alleged crimes' connection to interstate commerce, and that whether the Defendant forced the victims to engage in prostitution is a matter for the jury. Accordingly, the undersigned recommends that the Motion to Dismiss be denied.

## I. POSITIONS OF THE PARTIES

Defendant Marcus Washington is charged [Doc. 1] with two counts of sex trafficking of victims A.S. (Count One) and K.C. (Count Two) by force, fraud, or coercion from August 2013 to September 2014. The Defendant is also charged with conspiracy to distribute oxycodone and cocaine from April 2013 to September 2013 (Count Three) and with possession of oxycodone with intent to distribute on September 25, 2013 (Count Four).

The Defendant asks the Court to dismiss Counts One and Two, arguing that the undisputed evidence in this case does not constitute a federal violation of involuntary sex trafficking under 18 U.S.C. § 1591. At the September 23 hearing, defense counsel proffered the following facts: The alleged victims and the Defendant are all residents of Knox County, and all of the charged conduct occurred in Knox County. Mr. Moffatt also stated that the Government has provided no proof of coercion in this case. Based upon these factual allegations, the Defendant contends that he has not violated any federal law, first, because the undisputed evidence[1] is that all of the alleged activity occurred within a single state. The Defendant states that in enacting §1591, Congress sought to stem international sex trafficking, rather than making "run-of-the-mill" prostitution a federal crime. He asserts that applying §1591 to events occurring within a single state would intrude upon traditional state authority. Instead, the Defendant contends that the alleged interstate commerce nexus must have a substantial effect on interstate commerce. Second, he maintains that §1591 does not apply in this case because there is no indication that the victims acted involuntarily.

The Government contends that the Court cannot reach the issues raised by the Defendant because the facts relating to the interstate commerce nexus and the use of force, fraud, or

---

[1] The Court observes that the Government never agreed that the facts, including the location of the relevant events, were undisputed.

2

Case 3:15-cr-00059-RLJ-HBG   Document 26   Filed 10/29/15   Page 2 of 11   PageID #: 181

coercion in this case are in dispute and, thus, must be resolved by a jury. Additionally, the Government argues that the clear and unambiguous language of §1591 covers domestic sex trafficking. Finally, it asserts that §1591 does not offend principles of federalism and that the plain language of §1591, the Congressional record, and the case law contradict the Defendant's assertions.

## II. ANALYSIS

Our Constitution requires that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment by a grand jury[.]" U.S. Const. amend. V. The Court begins by observing that "a trial may be held in a serious federal criminal case only if a grand jury has first intervened" and issued an indictment or presentment. Russell v. United States, 369 U.S. 749, 760-61 (1962). Legally insufficient indictments implicate not only the right to a grand jury's determination of probable cause to believe that the offense occurred but also the Fifth Amendment's guarantee of due process of law and protection against being twice placed in jeopardy for the same offense. Hamling v. United States, 418 U.S. 87, 177 (1974); Russell, 369 U.S. at 761. Also relevant is the Sixth Amendment's provision that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and the cause of the accusations[.]" U.S. Const. amend. VI; Russell, 369 U.S. at 761.

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). As a general rule, an indictment passes constitutional muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling,

3

418 U.S. at 117; United States v. Landham, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting Hamling).  An indictment may allege the charges using the words of the statute itself as long as it gives all the elements of the offense "'fully, directly, and expressly[.]'"  Hamling, 418 U.S. at 117 (quoting United States v. Carll, 105 U.S. 611, 612 (1882)); Landham, 251 F.3d at 1079.  Moreover, the statutory language "'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'"  Hamling, 418 U.S. at 117-18 (quoting United States v. Hess, 124 U.S. 483, 487(1888)); Landham, 251 F.3d at 1079.

The Defendant challenges the legal sufficiency of the Indictment, arguing first that, as a matter of law, prostitution occurring solely within a single state lacks a nexus to interstate commerce and, thus, is not a federal crime.  Second, the Defendant contends that he has not violated 18 U.S.C. §1591 because the alleged victims voluntarily engaged in prostitution.  The Court examines each of these arguments in turn.

### A.  Nexus to Interstate Commerce

The Defendant first contends that the Government has failed to charge him with a federal crime because the acts of prostitution alleged in this case all occurred within Tennessee by Tennessee residents—in fact, he argues that all relevant actions occurred within a single county by residents of that county.  Thus, he argues that the Government has not alleged a connection to interstate commerce and that Counts One and Two should be dismissed as a matter of law.  The Government responds that the Court cannot determine the sufficiency of the Government's proof of an interstate commerce nexus at this stage in the proceedings, without usurping the jury's role.

4

The Government also argues that §1591 applies to domestic as well as foreign sex trafficking. It asserts that it has alleged that the sex trafficking in this case is connected to interstate commerce.

To answer the question of whether the Defendant's conduct violates §1591, the Court looks first to the plain language of the statute. United States v. Ransbottom, 914 F.2d 743, 745 (6th Cir. 1990). Section 1591 provides in pertinent part that

> (a) Whoever knowingly—
>
> (1) in or affecting interstate or foreign commerce, . . . , recruits entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person, or
>
> (2) benefits financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>
> knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, . . . shall be punished as provided in subsection (b).

18 U.S.C. §1591(a). In the instant case, the Indictment [Doc. 1] alleges, with regard to Counts One and Two, as follows:

> Between in or about August 2013 and continuing through or about September 2013, in the Eastern District of Tennessee, the defendant,
>
> **MARCUS WASHINGTON**
>
> did, in and affecting interstate or foreign commerce, knowingly recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, that is A.S. [and K.C.], knowing and in reckless disregard of the fact that means of force, threats of force, fraud and coercion would be used to cause A.S. [and K.C.] to engage in a commercial sex act, and attempted to do so.
>
> All in violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(1); and 1594(a).

5

First, the Court finds that the Government properly alleges all of the essential facts and elements to charge a violation of §1591. In this respect, the Defendant does not claim that he does not know the crimes with which he is charged. Instead, he argues that prostitution in which the Defendant and the victims live in a single state and in which all relevant actions occurred within a single state cannot constitute a violation of §1591 as a matter of law, because no connection to interstate commerce exists. The Defendant maintains that the Court should assume that, in enacting §1591, Congress did not intend to reach local street crimes without a clear indication that it was acting in a traditional area of state authority.

The Defendant argues that a determination that acts of prostitution occurring within a single state affect interstate commerce would violate the constitutional principle of federalism. In this country, the national government is limited to certain, enumerated powers, and the remaining powers are reserved to the states and the people. Bond v. United States, 134 S. Ct. 2077, 2086 (2014). "The States have broad authority to enact legislation for the public good— what we have often called a 'police power.'" Id. (quoting United States v. Lopez, 514 U.S. 549, 567 (1995)). "A criminal act committed wholly within a State 'cannot be made an offence against the United States, unless it have some relation to the execution of a power of Congress, or to some matter within the jurisdiction of the United States.'" Id. (quoting United States v. Fox, 95 U.S. 670, 672 (1878)). Section 1591 "must be read consistent with principles of federalism inherent in our constitutional structure." See id. at 2087.

When interpreting a federal statute that implicates a traditional state-law crime, courts must construe the statute narrowly, unless Congress has expressly stated that it intends to cause a major change in the balance of state and federal criminal jurisdiction. Bond, 134 S. Ct. at 2088-89. In other words, the Court presumes that Congress did not intend to create a situation in

6

which virtually no instances of the traditional state-law crime would fall outside the sweep of the federal statute. Id. at 2089; United States v. Jones, 529 U.S. 848, 859 (2000). Thus, the Supreme Court has held that a federal statute prohibiting chemical weapons did not reach an assault by a jilted wife who smeared chemicals on the door handles and mailbox of her husband's paramour. Id. at 2092. Similarly, the Supreme Court held that the federal arson statute did not extend to the burning of a private, owner-occupied home. Jones, 529 U.S. at 859 (holding that the government's interpretation of the statute would make virtually every arson in the United States a federal offense). A narrow reading of a federal statute is particularly appropriate if state law is sufficient to prosecute the defendant. Bond, 134 S. Ct. at 2092.

The Defendant argues that Congress has shown no intent to usurp the traditional state-law crimes of prostitution or pimping by enacting 18 U.S.C. § 1591. The Defendant cites to legislative history on the Trafficking Victims Protection Act of 2000, which sought to prohibit the trafficking of persons, especially persons brought into the international sex trade, by force, fraud, or coercion. See 22 U.S.C. § 7101(b); but see United States v. Callahan, 914 F.2d 743 (6th Cir. 2015) (applying a forced labor statute enacted under the TVPA to a purely domestic case). The Defendant argues that Congress rejected the enactment of a federal crime of prostitution (sex trafficking without the requirement of force, fraud, or coercion), an action championed by the Department of Justice. See Janie A. Chuang, Rescuing Trafficking from Ideological Capture: Prostitution Reform and Anti-Trafficking Law and Policy, 158 U. Pa. L. Rev. 1655, 1692-93 (2010). Moreover, the Defendant contends that Tennessee law is sufficient to punish the promotion of prostitution. See Tenn. Code Ann. § 39-13-512. Thus, he argues that §1591 should not be interpreted to apply to prostitution or the promotion thereof occurring wholly within a single state.

The Government responds that the issue raised by the Defendant is not amenable to pretrial determination. "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). Specifically, a defect in the indictment, such as its failure to state an offense, can be challenged before trial. Fed. R. Crim. P. 12(b)(3)(B). From Federal Rule of Criminal Procedure 12(b) and the case law in this Circuit, the Court distills two requirements for addressing a motion to dismiss the indictment, which alleges that the government cannot establish the offense charged as a matter of law: (1) the issue raised must be a question of law and (2) the relevant facts must be undisputed. United States v. Levin, 973 F.2d 463, 470 (6th Cir. 1992); United States v. Jones, 542 F.2d 661, 664-65 (6th Cir. 1976).

In this instant case, the Defendant raises a legal question—does prostitution occurring within a single state violate §1591as a matter of law—but the facts are not undisputed. At the hearing, the Government never agreed that all relevant events occurred solely within Tennessee. When questioned by the Court, AUSA Durham stated this case involved the following connection to interstate commerce: The use of condoms (implying these were manufactured outside of Tennessee) and the use of cellular telephones and a laptop computer to advertise the prostitution online.[2] Citing to United States v. Willoughby, the Government argued that the use of condoms and cellular telephones manufactured outside of the state is sufficient evidence that the sex trafficking affected interstate commerce. 742 F.3d 229, 240 (6th Cir. 2014).

The Court agrees with the Government that it cannot reach the issue raised by the Defendant before trial in this case. However, even if the Court were to assume that all relevant conduct occurred within Tennessee, the facts to which the Government alludes establish an

---

[2] The Court observes that the Defendant did not agree that he used a cellular telephone and/or a laptop computer to advertise commercial sex acts online.

8

Case 3:15-cr-00059-RLJ-HBG   Document 26   Filed 10/29/15   Page 8 of 11   PageID #: 187

interstate nexus. In Willoughby, the defendant argued that his conviction should be reversed because the government failed to present evidence that his sex trafficking of a minor female occurred in or affecting interstate or foreign commerce. Id. The appellate court first observed that by using "'[t]he phrase 'affecting commerce''' in §1591, Congress signaled its "'intent to regulate to the outer limits of its authority under the Commerce Clause.'" Id. (quoting Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 115 (2001)). Thus, the court held that evidence that the defendant purchased condoms and clothing manufactured outside of the state for the victim to use while engaging in prostitution and that he used a Chinese-made cellular telephone to engage in sex trafficking was sufficient to prove the crime affected interstate commerce. Id. In so holding, the appellate court observed that "Congress has specifically found that, in the aggregate, sex-trafficking activities 'substantially affect[ ] interstate and foreign commerce.'" Id. (quoting 22 U.S.C. § 7101(b)(12)). Thus, our appellate court has decided this issue in the Government's favor.[3]

Additionally, the court in Willoughby added that the defendant's actions in the commission of the crime not only affected interstate commerce, but also employed an instrumentality of interstate commerce. Id. "Congress's authority to regulate interstate commerce includes the authority to regulate the instrumentalities thereof." Id. (citing United States v. Weathers, 169 F.3d 336, 342 (6th Cir. 1999)). The court held that the defendant's

---

[3]The Defendant points out that if any consumer goods—from clothing to automobiles to the ubiquitous cellphone—used in the commission of the crime but not manufactured exclusively within the state in which the commercial sex act occurred can trigger an interstate nexus, then any act of prostitution could be prosecuted federally. The Defendant questions how this result would not run afoul of Bond and Jones by making virtually every act of prostitution a federal crime. The Government responds that the requirement that the commercial sex act be caused by force, fraud, or coercion serves to limit the reach of §1591. The undersigned shares some of the Defendant's concern over the breadth of an interstate commerce nexus derived exclusively from condoms and cellphones, however the Court notes that in the instant case, the Government proffered that the Defendant also used the internet to advertise commercial sex acts.

9

cellular telephone is an instrumentality of interstate commerce and that the defendant used his cellphone in furtherance of the sex trafficking at issue. Id. In the instant case, the Government proffers that the Defendant used a cellular telephone and a laptop computer, which are instrumentalities of interstate commerce, to post advertisements in order to commit the sex trafficking alleged.[4] Thus, if the Court were able to reach this issue, i.e., if the facts were undisputed, the Court would find no basis to dismiss Counts One and Two of the Indictment for failure to state a federal crime. The use of an instrumentality of interstate commerce suffices to affect interstate commerce.

### B. Evidence of Force, Fraud, or Coercion

The Defendant also argues that Counts One and Two should be dismissed because the victims voluntarily chose to prostitute themselves and §1591 requires that a perpetrator use force, fraud, or coercion in order to commit the alleged sex trafficking. Here, the Court agrees with the Government that the issue fails both prongs necessary for pretrial determination: (1) the issue raised is one of fact, rather than law, and (2) the facts are in dispute. See Levin, 973 F.2d at 470; Jones, 542 F.2d at 664-65. At the motion hearing, the Government disputed the Defendant's assertion that the victims voluntarily engaged in prostitution. It stated that the evidence it will present at trial shows threats of physical force to the victims and their families, threats to bring about the victims' arrests, threats of telling others of the victims' involvement in sex trafficking, isolation of the victims, and manipulation of their drug dependency. "An indictment returned by

---

[4] At the hearing, Mr. Moffatt argued that the regulated activity must *substantially* affect interstate commerce. However, he does not argue that Congress cannot legislate in the area of sex trafficking by force, fraud, and coercion at all. "'Where the class of activities is regulated and that class is within the reach of federal power, the courts have no power "to excise trivial, individual instances" of the class.'" Gonzalez v. Raich, 545 U.S. 1, 23 (2005) (quoting Perez v. U.S., 402 U.S. 146, 154 (1971)) (citation to internal quote omitted).

a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits." Costello v. United States, 350 U.S. 359, 363 (1956). Whether the Defendant used force, fraud, or coercion or threats thereof to cause the victims to engage in a commercial sex act is a question that is reserved to the jury. See Fed. R. Crim. P. 12(b); Jones, 542 F.2d at 664 (observing that weighing the evidence "invade[s] the province" of the jury). The undersigned cannot determine *as a matter of law* that no violation of §1591 occurred. Thus, the Court finds that this issue does not provide a basis to dismiss Counts One and Two of the Indictment.

### III.  CONCLUSION

After carefully considering the parties' filings and arguments and the relevant legal authorities, the Court finds no basis to dismiss Counts One and Two of the Indictment as a matter of law. For the reasons set forth herein, it is **RECOMMENDED** that Defendant's Motion to Dismiss Counts One and Two [**Doc. 22**] be **DENIED**. [5]

                                        Respectfully submitted,

                                        */s/ Bruce Guyton*
                                        United States Magistrate Judge

---

[5] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).