UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:15-CR-059 |
| ) | |
| MARCUS WASHINGTON ) | |

## **MEMORANDUM AND ORDER**

The defendant is charged with sex trafficking (Counts One and Two) and controlled substance offenses (Counts Three and Four). He moves for dismissal of the sex trafficking charges. [Doc. 22]. The United States has responded in opposition to the motion. [Doc. 23].

United States Magistrate Judge Bruce Guyton heard arguments on September 23, 2015. Now before the court is the magistrate judge's October 29, 2015 report and recommendation ("R&R"), recommending that the defendant's motion be denied. [Doc. 26]. The defendant objects to the R&R, and the United States has filed a response. [Docs. 30, 31].

The court has carefully reviewed and considered the R&R along with the arguments presented by the parties. For the reasons that follow, the defendant's objection will be overruled.

I.

*Relevant Background*

The defendant is charged with two violations of 18 U.S.C. § 1591. That statute, captioned "Sex trafficking of children **or** by force, fraud, or coercion" (emphasis added), provides in pertinent part that

(a) whoever knowingly –

(1) in or affecting interstate or foreign commerce . . . recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person . . .

. . .

knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion . . . , or any combination of such means will be used to cause the person to engage in a commercial sex act . . . shall be punished as provided in subsection (b).

18 U.S.C. § 1591(a)(1).

The defendant's motion argues that the evidence in this case cannot establish the sort of sex trafficking targeted by § 1591. The motion contends that the alleged prostitutes in this case acted voluntarily and that § 1591 is not intended to punish "local" prostitution. The magistrate judge rejected these arguments, finding "that the Indictment properly charges a violation of 18 U.S.C. § 1591, that the facts alluded to by the Government show the alleged crimes' connection to interstate commerce, and that whether the Defendant forced the victims to engage in prostitution is a matter for the jury." [Doc. 26, p.1].

II.

*Standard of Review*

A district court is both statutorily and constitutionally required to conduct a *de novo* review of a magistrate judge's report and recommendation. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). The district court need not provide *de novo* review where objections to a report and recommendation are frivolous, conclusive, or general. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

III.

*Analysis*

The defendant's objection correctly concedes that "all facts [in this case] are in dispute." [Doc. 30, p.1]. Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v), a defendant can move for dismissal of charges for "failure to state an offense." Such a motion, however, is only "appropriate when it raises questions of law rather than fact." *United States v. Ali*, 557 F.3d 715, 719 (6th Cir. 2009). The magistrate judge therefore correctly determined that the defendant's factual challenges (such as whether the alleged prostitutes acted voluntarily, or whether the defendant acted in or affecting interstate commerce) are premature.

The defense's only specific objection is to the R&R's citation to *United States v. Willoughby*, 742 F.3d 229 (6th Cir. 2014), "for the proposition that the facts cited by the

3

Government would establish an interstate nexus." [Doc. 30, p. 1-2]. In the present case, the R&R noted the United States' position that "this case involved the following connection to interstate commerce: The use of condoms (implying these were manufactured outside of Tennessee) and the use of cellular telephones and a laptop computer to advertise the prostitution online." [Doc. 26, p. 8-10]. The United States' latest filing suggests that additional jurisdictional evidence will be presented at trial. [Doc. 31, p.2].

In *Willoughby*, as in the present case, the defendant was charged with violating 18 U.S.C. § 1591(a). Also, as in the present case, Willoughby argued that "the government lacked any proof that his sex trafficking occurred in or affected interstate or foreign commerce." *Willoughby*, 742 F.3d at 240. The Sixth Circuit disagreed.

> "The phrase 'affecting commerce' indicates Congress' intent to regulate to the outer limits of its authority under the Commerce Clause." Here, the government's proofs included that Willoughby purchased condoms and clothes specifically for SW to use while prostituting, and that all of these items were manufactured out-of-state. The proofs also included that Willoughby used a Chinese-made cellphone in furtherance of his sex-trafficking activities. Moreover, Congress has specifically found that, in the aggregate, sex-trafficking activities "substantially affect[ ] interstate and foreign commerce." 22 U.S.C. § 7101(b)(12). Thus, considering the record as a whole, the government proved that Willoughby's activities were "in or affecting" interstate commerce. (We also note that Congress's authority to regulate interstate commerce includes the authority to regulate the instrumentalities thereof. Willoughby's cell phone is such an instrumentality . . . and he used it in furtherance of his sex trafficking.).

*Willoughby*, 742 F.3d at 240 (citations omitted). The magistrate judge did not err in citing the binding authority of *Willoughby*.

4

Case 3:15-cr-00059-RLJ-HBG Document 33 Filed 12/02/15 Page 4 of 6 PageID #: 214

Nor is *Willoughby* an isolated case. In *United States v. Flint*, 394 F. App'x 273 (6th Cir. 2010), the appellant argued that his § 1591 conviction should be reversed because the government had not proven that his conduct had an effect on interstate commerce. As in *Willoughby*, the Sixth Circuit disagreed. "Flint purchased drugs, clothing, hair extensions, and fake nails, arguably to further the prostitution activity; and Flint rented a room in a hotel that serves out-of-state travelers. This is sufficient evidence to persuade a reasonable juror that Flint's activities affected interstate commerce." *Flint*, 394 F. App'x at 277; *accord United States v. Phea*, 755 F.3d 255, 266 (5th Cir. 2014). Further, a defendant's use of his cellular telephone can be use of an instrumentality in interstate commerce even if all calls are made in-state. *United States v. Weathers*, 169 F.3d 336, 342 (6th Cir. 1999). Also, as observed by the magistrate judge, the Sixth Circuit has recently affirmed the application of a forced labor statute to purely instate conduct. *See United States v. Callahan*, 801 F.3d 606, 619-20 (6th Cir. 2015).

Lastly, the court notes that the Seventh Circuit has rejected the very argument presented by the instant defendant – that § 1591 does not reach "ordinary" forced pimping of adult prostitutes. *See United States v. McMillian*, 777 F.3d 444, 447 (7th Cir. 2015). The court agrees with the magistrate judge's conclusion on this point.

> [Defendant] does not argue that Congress cannot legislate in the area of sex trafficking by force, fraud, and coercion at all. "'Where the class of activities is regulated and that class is within the reach of federal power, the courts have no power "to excise trivial, individual instances" of the class.'" Gonzalez v. Raich, 545 U.S. 1, 23 (2005) (quoting Perez v. U.S., 402 U.S. 146, 154 (1971)) (citation to internal quote omitted).

5

[Doc. 26, p. 10 n.4]. The court again notes that § 1591 is captioned "Sex trafficking of children **or** by force, fraud, or coercion" (emphasis added), evidencing that Congress intended to target forced trafficking of all persons regardless of their age. Subsections (a) and (b) of § 1591 distinguish between minor and adult victims in terms of elements of proof and potential minimum punishments, further evidencing Congress' intent to target the forced sex trafficking of both minors and adults.

IV.

*Conclusion*

As explained herein, the court **ADOPTS** the findings of fact and conclusions of law set out in Magistrate Judge Guyton's report and recommendation. [Doc. 26]. It is **ORDERED** that the defendant's objection [doc. 30] is **OVERRULED**, and his motion to dismiss [doc. 22] is **DENIED**. This case remains set for trial on April 19, 2016, with a plea deadline of March 21, 2016.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

6

Case 3:15-cr-00059-RLJ-HBG   Document 33   Filed 12/02/15   Page 6 of 6   PageID #: 216