IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:15-CR-59 |
| v. | ) | |
| | ) | |
| MARCUS WASHINGTON, | ) | (JORDAN / GUYTON) |
| | ) | |
| Defendant. | ) | |

**O R D E R**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's *pro se* Motion to Suppress [Doc. 34], filed on December 14, 2015. The Defendant asks to suppress the testimony of one of the alleged victims because he contends that it is false and that the Government may not present "perjured testimony."

The Court finds that the Defendant's motion must be denied for two procedural reasons. First, the Defendant's *pro se* motion violates the rules of this Court because he is represented by counsel. On June 8, 2015, the Court appointed [Doc. 9] Assistant Federal Defender Jonathan A. Moffatt and the Federal Defender Services of Eastern Tennessee to represent the Defendant. Local Rule 83.4(c) states in pertinent part as follows:

> Whenever a party has appeared by attorney, that party may not thereafter appear or act in his or her own behalf in the action or proceeding, unless an order of substitution shall first have been made by the Court, after notice by the party to the attorney and to the opposing party.

The Defendant is represented by appointed counsel. Accordingly, he may not file a motion on his own behalf.

Second, the Court observes that the Defendant's counsel has already challenged the Government's proof that the alleged victims were forced or coerced into prostituting themselves. Defense counsel raised this issue for the Defendant in a Motion to Dismiss Counts One and Two [Doc. 22]. Following a hearing on this motion, the undersigned recommended [Doc. 26] that this issue be denied at this juncture because the evaluation of the Government's proof was a matter for the jury that could not be determined pretrial. The District Judge adopted [Doc. 33] the factual findings and legal conclusions in the report and denied the Defendant's motion to dismiss. Accordingly, the Court finds that the Defendant's counsel have already attempted to challenge this evidence for the Defendant.[1]

The Defendant's *pro se* Motion to Suppress [**Doc. 34**] is **DENIED** because it fails to comply with the local rules of this Court and seeks to re-allege issues that have previously been raised by counsel. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Defendant at the address listed in his motion [Doc. 34, p.16].

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge

---

[1] This finding does not restrict counsel from filing motions *in limine* with regard to the exclusion of evidence by the deadline for same, if counsel determines such motions to be appropriate.