IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:15-CR-59 |
| v. | ) | |
| | ) | |
| MARCUS WASHINGTON, | ) | (JORDAN / GUYTON) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on January 11, 2016, for a hearing on defense counsel's Motion for Substitution of Counsel and/or to Review the Attorney-Client Relationship [Doc. 37], filed on December 23, 2015, and Defendant Washington's *pro se* letter, dated December 24, 2015, and docketed as a motion on December 30, 2015. Assistant United States Attorney Brooklyn Sawyers appeared on behalf of the Government. Assistant Federal Defender Jonathan A. Moffatt appeared along with Defendant Washington.

In the motion, defense counsel asks to withdraw from his representation of the Defendant due to a breakdown in the attorney-client relationship. In his *pro se* filing, the Defendant asks for Mr. Moffatt to be removed and for the appointment of new counsel. He states that Mr. Moffatt has rejected his theories of the defense, seems primarily focused on securing a plea agreement, and has attempted to "entrap" him to make incriminating admissions in recorded meetings. Although Defendant seeks new counsel, he asks to keep his current trial date.

At the hearing, Mr. Moffatt stated that in November 2015, issues arose in the Defendant's case over which he and the Defendant seriously disagreed. Mr. Moffatt related that the Defendant no longer trusts him, and they cannot communicate effectively. Mr. Moffatt said that, in his professional opinion, the attorney-client relationship is irreparably broken. He stated that he did not see how he and the Defendant could get the case back on track to move toward trial. The Defendant stated that he had discussed substitution of counsel with Mr. Moffatt and that he agreed with Mr. Moffatt's assessment of the need for new counsel in this case.

The Government took no position on the motion, but AUSA Sawyers stated that she disagreed with the Defendant's characterizations of defense counsel, in his *pro se* filing, as working for the prosecution. She noted that Mr. Moffatt has zealously challenged the Government in this case in a suppression motion and in negotiations. AUSA Sawyers also questioned whether a change in counsel could be accomplished without also changing the April 19 trial date in this case. She noted that discovery in this case is voluminous and that new counsel will need time to bring him or herself up to speed on the case.

Based upon the representations of the Defendant and Mr. Moffatt, the Court finds that good cause exists to allow Mr. Moffatt to withdraw and to appoint new counsel for the Defendant. The Court finds that there has been a breakdown in communications between the Defendant and counsel. Due to these communication problems and differences in how the case should proceed, the Defendant's trust in Mr. Moffatt has been seriously eroded. The loss of trust in the attorney-client relationship and the breakdown in communication has compromised beyond repair Mr. Moffatt's ability to present an adequate defense and to render effective assistance of counsel. Accordingly, the Court finds substitution of counsel to be well taken under the circumstances. Based upon good cause shown, the Motion for Substitution of Counsel

[**Doc. 37**] is **GRANTED**, and Mr. Moffatt and the Federal Defender Services of Eastern Tennessee are relieved as counsel for the Defendant. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). The Defendant's *pro se* letter [**Doc. 38**] is **GRANTED in part** to the extent that it asks for the substitution of counsel. The requests in the letter [**Doc. 38**] are **DENIED in all other respects**.

The Court recognizes the need for the Defendant to be continuously represented by conflict-free counsel. Attorney A. Philip Lomonaco appeared at the motion hearing and agreed to accept representation of the Defendant. The Court therefore and hereby **SUBSTITUTES** and **APPOINTS** Mr. Lomonaco under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A, as counsel of record for Defendant Washington. In so doing, the Court admonished the Defendant on the need to work with his counsel and informed him that it will entertain a request for yet another attorney only in the most extraordinary of circumstances. The Supreme Court has firmly established that the Sixth Amendment does not entitle a defendant to counsel with whom he shares a good rapport or to a "meaningful relationship" with his attorney. Morris v. Slappy, 461 U.S. 1, 13-14 (1983). The Defendant is encouraged to make every effort to work with Mr. Lomonaco through the remainder of this case. Mr. Moffatt is **DIRECTED** to turn over the file and all discovery to Mr. Lomonaco as expeditiously as possible.

The parties discussed the April 19 trial date in this case. The Court advised the Defendant that changing attorneys could require a change in the trial date to give Mr. Lomonaco sufficient time to prepare for trial. Mr. Lomonaco stated that he would review the amount of discovery in the case and file a motion to continue the trial within a week, if he determined a continuance to be necessary. The Court also referred Mr. Lomonaco to another *pro se* filing [Doc. 39] by the Defendant relating to a *pro se* "suppression motion" that the Defendant

3

Case 3:15-cr-00059-RLJ-HBG   Document 40   Filed 01/12/16   Page 3 of 4   PageID #: 277

previously filed.[1]  This letter is not in the nature of a motion and, thus, requires no ruling by the Court.  However, the Court reminded the Defendant that he may not file motions on his own behalf while represented by counsel.  E.D.TN LR 83.4(c).  Mr. Lomonaco may review the Defendant's *pro se* filing to determine whether a motion is appropriate.

   Accordingly, it is **ORDERED**:

(1) Defense Counsel's Motion to Substitute Counsel [**Doc. 37**] is **GRANTED**.  Assistant Federal Defender Jonathan A. Moffatt and the Federal Defenders of Eastern Tennessee are **RELIEVED** of representation of the Defendant.  Mr. Moffatt is **DIRECTED** to provide all discovery and the Defendant's file to new counsel as soon as possible;

(2) The Defendant's *pro se* letter [**Doc. 38**] is **GRANTED in part** to the extent that it asks for the substitution of counsel and is **DENIED in all other respects**; and

(3) Attorney A. Philip Lomonaco is **SUBSTITUTED** and **APPOINTED** as the Defendant's counsel of record under the Criminal Justice Act.

**IT IS SO ORDERED.**

      ENTER:

      _____
      United States Magistrate Judge

---

[1] On December 17, 2015, the undersigned denied [Doc. 36] a *pro se* suppression motion by the Defendant, because it was filed in violation of the Local Rules of this Court.