IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| MARCUS D. WASHINGTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:15-CR-059 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Marcus D. Washington's ("Petitioner's") *pro se* motions for reconsideration [docs. 133, 140, 141], and motions for a certificate of appealability ("COA") [docs. 142, 144]. The United States responded in opposition to Petitioner's first motion for reconsideration [doc. 136]. For the reasons below, Petitioner's motions for reconsideration [docs. 133, 140, 141] are **GRANTED** in part and **DENIED** in part, and Petitioner's motions for a COA [docs. 142, 144] are **DENIED** as moot.

**I.    BACKGROUND**

On December 7, 2016, Petitioner pleaded guilty, pursuant to a written plea agreement and Fed. R. Crim. P. 11(c)(1)(C), to one count of conspiracy to possess with intent to distribute a Schedule II controlled substance, one count of possession with intent to distribute a Schedule II controlled substance, and one count of conspiracy to commit commercial sex trafficking. [Docs. 107, 111]. Pursuant to Rule 11(c)(1)(C), Petitioner and the government agreed that a sentence of 10-year concurrent terms of imprisonment

for each count, followed by a 3-year term of supervised release, was an appropriate disposition. [*Id*. at 5]. Additionally, the parties agreed that the 10-year terms for each count would be imposed "concurrent to any sentences the defendant [was] currently serving at the time of sentencing." [*Id*. at 6].

The presentence investigation report ("PSR") indicates that, on December 1, 2014, Petitioner was convicted of aggravated burglary in Knox County Criminal Court Docket No. 96891, and sentenced to 3 years' imprisonment. [PSR ¶ 74]. The PSR also notes that Petitioner was serving this sentence when he was brought into federal custody on a writ. [*Id*.].

At sentencing, the Court acknowledged that the parties had agreed, pursuant to Rule 11(c)(1)(C), to a sentence of 120 months' imprisonment, followed by 3 years' supervised release. [Doc. 127 at 6]. Defense counsel noted that, as part of the plea agreement, the government and defendant had discussed Petitioner's state charges, and had a pending state charge dismissed so that "all the time that he's been in custody will be credited towards the federal sentence." [*Id*. at 10-11]. Accordingly, defense counsel asked that Petitioner be credited for that time. [*Id*. at 11]. The Court adopted the Rule 11(c)(1)(C) plea agreement, and sentenced Petitioner to a term of 120 months as to each count, to be served concurrently. [*Id*. at 15]. Nevertheless, the Court mistakenly announced that these sentences were to be served consecutively to the sentence in Knox County Criminal Court Docket No. 96981. [*Id*.]. The Court asked whether either party had any objections to the sentences as announced, and no party raised any objection to the Court running the sentences consecutive to Knox County Criminal Court Docket No. 96981. [*Id*. at 21].

In July 2017, Petitioner filed a *pro se* motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, alleging that his counsel was constitutionally deficient when he failed to object to the Court stating that Petitioner's sentences were to run consecutive to his state sentence, rather than concurrent, as provided for in the plea agreement. [Doc. 126]. This Court agreed that Petitioner's counsel was constitutionally defective in failing to object, and granted Petitioner's § 2255 motion on this ground. [Doc. 130]. The Court entered an amended judgment indicating that Petitioner's sentences "shall be served concurrently to the sentence in docket number 96981 in the Criminal Court of Knox County, Tennessee." [Doc. 132]. Otherwise, the amended judgment left Petitioner's sentences unchanged. [*Id.*].

In his first motion for reconsideration, filed pursuant to Fed. R. Civ. P. 60(a), Petitioner asks the Court to adjust his sentence by 27 months and 27 days. [Doc. 133]. Petitioner explains that U.S.S.G. § 5G1.3 was misapplied, because the amended judgment left the crediting of time to the Bureau of Prisons ("BOP"), and the BOP only credited Petitioner with 1 month and 27 days after the Court's amended judgment. [*Id.*]. The Court ordered the government to respond to this motion [doc. 134], and the government responded that (a) any determination of time served rests exclusively with the Attorney General and the Court lacks authority to mandate that Petitioner receive a specific amount of time served credit; and (b) the plea agreement did not address the time served for the aggravated burglary conviction and did not contemplate a downward departure under § 5G1.3(d). [Doc. 135]. Petitioner replied that his counsel was ineffective both in not objecting to the consecutive sentence and not instructing the court on, or researching, the

3

proper application of § 5G1.3(d). [Doc. 136]. Petitioner also contends that defense counsel purposefully sabotaged his *Brady*[1] motion, the government did not fully answer his questions about the time he would be credited before sentencing, and he was told he would be eligible for the Residential Drug Abuse Program ("RDAP"). [*Id.*].

In his second motion for reconsideration, Petitioner contends that this Court should reopen his § 2255 motion and grant on both claims of ineffective assistance, not merely the failure to object. [Doc. 140]. Petitioner states that, in his § 2255 motion, he also asserted that counsel was ineffective for failing to research § 5G1.3(d), object to the breach of the plea agreement and misapplication of the guideline, and effectively guide the Court in applying § 5G1.3(d). Petitioner contends that, under § 5G1.3(d), the Court should award a downward departure of approximately 30 months, or order a new sentencing hearing. [*Id.*].

In his third motion for reconsideration, Petitioner asks this Court to: (1) recognize his filing as a formal objection to the judgment; (2) stay all previous motions for reconsideration; (3) reconsider the judgment, pursuant to Rule 54(b); and (4) grant his § 2255 motion on both claims of ineffective assistance of counsel. [Doc. 141]. Petitioner asserts that both of his claims relate to § 5G1.3(d). Petitioner further contends that, if jail credit is used in plea negotiations, the "material question" of how much credit is to be awarded must be answered. Petitioner states that, because he was unable to receive state

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

parole, he would not have accepted any plea deal that did not include retroactive concurrency. [*Id*.].

Petitioner then filed a motion for a COA, noting that the Court neither granted nor denied a COA when entering the final judgment on his § 2255 motion. [Doc. 142]. Petitioner thereafter filed a second motion for a COA, reiterating many of the arguments in his motions to reconsider. [Doc. 144]. Petitioner contends that the misapplication of remedy in his case warrants a COA. [*Id*.].

## II. STANDARD OF REVIEW

Notably, in his various motions for reconsideration, Petitioner asserted that his arguments fell under various Federal Rules of Civil Procedure. However, a Court may ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion to avoid unnecessary dismissal, avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis. *Castro v. United States*, 540 U.S. 375, 381-82 (2003). Here, the Court concludes that Petitioner's motions for reconsideration are properly characterized as motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6).

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment for specific reasons, including "any other reason that justifies relief." Fed. R. Civ. P. 60(b). A party seeking relief under Rule 60(b) must show the applicability of the Rule. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). Determination of a Rule 60(b) motion is within the discretion of the court. *H.K. Porter Co., Inc. v. Goodyear*

*Tire & Rubber Co.*, 536 F.2d 1115, 1119 (6th Cir. 1976). "However, relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal quotation marks omitted). Thus, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted). Subsection (6) of Rule 60(b) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Blue Diamond Coal Co.*, 249 F.3d at 524 (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Rule 60(b)(6) will apply only in "unusual and extreme situations where principles of equity *mandate* relief." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007) (emphasis in original).

### III.   ANALYSIS

Petitioner's primary contention in all of his motions for reconsideration is that the BOP did not credit him for the full amount of time he served on the state aggravated burglary conviction, even after this Court entered an amended judgment. Although Petitioner frames his argument in numerous ways, the crediting of time for this conviction is ultimately the crux of Petitioner's arguments.

The government is correct that generally, the crediting of time served is a matter for the BOP, not the Court. *See United States v. Wilson*, 503 U.S. 329, 333 (1992) (construing 18 U.S.C. § 3585(b)). However, in this case, there appears to be some misunderstanding

of the Court's intent with the amended judgment, and thus, the Court finds it appropriate to clarify. In granting Petitioner's § 2255 motion, and amending the judgment to read "concurrent" rather than "consecutive," the Court intended to give Petitioner the benefit of his plea agreement, which appears to have included an agreement that he would be credited for time spent in custody on the aggravated burglary conviction in Knox County Criminal Court Docket No. 96891. However, the Court has consulted with the BOP and confirmed that, based on the language used by the Court, the BOP can only credit Petitioner for the a much more limited time frame. Because this was not the Court's intent when granting Petitioner's § 2255 motion, and because justice so requires, Petitioner's motions for reconsideration are **GRANTED** on this ground. The BOP is **DIRECTED** to award Petitioner prior custody credit beginning December 4, 2010, the date of his conviction in Knox County Criminal Court Docket No. 96891.

To the extent that Petitioner's motions for reconsideration attempt to raise any new claims, such as his allegations relating to his *Brady* motion and his RDAP eligibility, Petitioner's motions are **DENIED**, as the Court has already entered a final judgment on Petitioner's § 2255 motion, and Petitioner may not attempt to raise new claims for the first time in a motion for reconsideration. Moreover, Petitioner's motions for a COA are **DENIED** as moot, because the Court has granted all relief requested in Petitioner's § 2255 motion.

## IV. CERTIFICATE OF APPEALABILITY

Finally, the Court must consider whether to issue a certificate of appealability ("COA") should Petitioner file a notice of appeal from the partial denial of these motions

for reconsideration. A petitioner may appeal a final order denying a § 2255 motion, or motion for reconsideration, only if he is issued a COA, and a COA should issue only where the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(a), (c)(1)(B), (c)(2). When a claim has been dismissed on the merits, a petitioner must show that reasonable jurists would find the assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right, as jurists of reason would not debate the Court's findings as to any of Petitioner's denied claims. Because Petitioner has failed to make such a showing, a COA **SHALL NOT ISSUE**.

The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed in forma pauperis on appeal. *See* Fed. R. App. P. 24(a)(3)(A). An order consistent with this opinion will be entered.

V. **CONCLUSION**

For the reasons stated above, Petitioner's motions for reconsideration [docs. 133, 140, 141] are **GRANTED IN PART** and **DENIED IN PART**, and Petitioner's motions for a COA [docs. 142, 144] are **DENIED AS MOOT**. The BOP is **DIRECTED** to award Petitioner prior custody credit beginning December 4, 2010, the date of his conviction in Knox County Criminal Court Docket No. 96891.

**IT IS SO ORDERED.**

                                                s/ Leon Jordan
                                           United States District Judge