UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:15-CR-00059-JRG |
| | ) | |
| MARCUS WASHINGTON | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Marcus Washington's Notice of Appeal [Doc. 152]. Mr. Washington's notice is untimely because he did not file it within fourteen days of entry of the Court's order denying his request for modification of his supervised-release conditions. *See* Fed. R. App. P. 4(b)(1)(A) (stating that, in a criminal case, a defendant must file a notice of appeal within fourteen days of entry of the district court's order). Although he did not file his notice within the fourteen-day deadline, he did file it within the next thirty days, and the Court must therefore construe his notice as a motion for extension of time to file an appeal under Federal Rule of Appellate Procedure 4(b)(4). *See* [Sixth Circuit Order, Doc. 182, at 2–3]. Rule 4(b)(4) states that in a criminal case:

> Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b)(4).

A request for an extension of time under Rule 4(b)(4) is a petition to a "court's equitable powers," *United States v. Thompson*, 82 F.3d 700, 702 (6th Cir. 1996) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993))), and the Supreme Court has adopted a liberal standard that governs these requests in criminal cases, *Stutson v United States*, 516 U.S. 193, 194–98 (1996); *Thompson*, 82 F.3d at 702. Under this liberal standard, neglect

is "some jurisdictional act which was left 'undone or unattended to *esp[ecially] through carelessness*,'" and it encompasses both faultless omissions and careless omissions. *Thompson*, 82 F.3d at 702 (quoting *Pioneer*, 507 U.S. at 388).

Despite the "liberal understanding of 'excusable neglect,'" *Stutson*, 516 U.S. at 194, the Sixth Circuit has issued a caveat to district courts, stating "that a district court should not carte blanche grant motions for extensions of time under" Rule 4, *Thompson*, 82 F.3d at 702. The Sixth Circuit, ultimately, has fashioned a test that district courts must apply when determining whether to grant a motion for extension of time to file an appeal in a criminal case. First, the movant must establish excusable neglect. *Id.* Second, if the movant succeeds in establishing excusable neglect, district courts must then decide whether "there is any indication of bad faith or any evidence of prejudice," either to the opposing party or to "judicial administration." *Id.*

Mr. Washington, through counsel, maintains that the Court should grant his motion for extension of time because he has made a showing of excusable neglect. [Def.'s Resp., Doc. 184, at 1–2]. Last year, Mr. Washington was released from federal custody after his convictions for commercial sex trafficking and drug trafficking conspiracies, [Am. J., Doc. 132, at 1], and began a three-year term of supervised release, the conditions of which required him to register as a sex offender in Tennessee, [*id.* at 3]. Tennessee's sex-offender restrictions, he says, prevented him from living at his mother's residence, which was too close to "prohibited places," [Def.'s Resp. at 1]; *see generally* Tenn. Code. Ann. § 40-39-211(a)(1) (providing that a sex offender shall not reside or accept employment within "one thousand feet" of a "school," "day care center," or "public park"), so "he was forced to live out of motels at his family's expense," and "[m]any times he would have to move from one hotel to another after a few days in order to save money," [Def.'s Resp. at 1]. Because of "the constant moving from motel to motel" and the "chaotic"

2

nature of his day-to-day life, Mr. Washington contends that excusable neglect exists for the untimely filing of his notice of appeal. [*Id.* at 2].

But the Court is unable to conclude that Mr. Washington has shown excusable neglect because his account of his failure to file a timely notice of appeal is inconsistent with the record. Mr. Washington began his term of supervised release on March 9, 2020, [Am. Pet., Doc. 160, at 1], and the Court denied his request to modify his supervised-release conditions just three days later, on March 12, 2020. On those dates, he was, according to his probation officer, living in an apartment complex, and he remained there for several months, until late August 2020. [*Id.* at 3]. He did not begin residing in, and moving between, motels until September 2020.[1]

Simply, Mr. Washington's account of events lacks credibility because it conflicts with his probation officer's statements to the Court—sworn statements that were made under the penalty of perjury and that are entitled to deference. *See generally United States v. Harris*, 635 F.2d 526, 528 (6th Cir. 1980) ("[T]he probation office is an arm of the court."). The record establishes *only* that Mr. Washington maintained one residence during the timeframe at issue and was not migrating between motels during that timeframe. He musters no evidence—copies of receipts, bills, invoices, or other records—to support his story, and he therefore fails to meet his burden of showing that his failure to file a timely notice of appeal was due to a faultless or careless omission. *See United States v. Douglas*, 746 F. App'x 465, 468 (6th Cir. 2018) (stating that "[the defendant] had the burden of presenting facts sufficient for the district court's good-cause determination" (citing *Thompson*, 82 F.3d at 702)); *United States v. Greis*, No. 6:04-043-DCR, at 2 (E.D. Ky. Jan. 27, 2021) (PACER) (denying the defendant's motion for an extension

---

[1] Mr. Washington is currently facing a petition for the revocation of his supervised release, and in that petition, his probation officer alleges that he failed to comply with his conditions of supervised release partly because he did not report seven changes in his address during September 2020. [Am. Pet. at 3–5].

3

of time under Rule 4(b)(4) because he "present[ed] no evidence regarding why his notice of appeal was untimely").

Besides, even if Mr. Washington had been moving from one motel to another during the timeframe in question as he claims, the gestalt of his argument would then seem to be that the Court's order did not reach him because he had relocated to an address no longer on record with the Court. But Mr. Washington was aware, as a pro se litigant, that he needed to keep his address current with the Court, or else risk adverse consequences to his case. Indeed, the Clerk's Office had mailed a notice to Mr. Washington in April 2018, *see* [Notice, Doc. 137], informing him of Local Rule 83.13, which states:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. <u>Notification of a change of address must be accomplished by filing a Notice with the Clerk and service of the Notice upon all other parties within 14 days of the change of address</u>. In addition, a party appearing for himself/herself shall sign his/her pleadings and include his/her address and telephone number. The failure of a *pro se* plaintiff to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action. Parties proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure and these rules.

In compliance with this notice, Mr. Washington had filed a notice of a change in his address as recently as August 2018. [Notice of Change of Address, Doc. 139]. And in July 2019, the record shows that Mr. Washington's mother had even called the Clerk's Office on his behalf to notify the Court of an upcoming change in his address.

In short, Mr. Washington, as a pro se litigant, was acutely aware of the importance of providing the Court with a current address, and the fact that he failed to do so while allegedly roving between motels is not an act of faultless or careless omission but one of non-compliance with this Court's local rules. *See generally Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010)

(recognizing that a district court's local rules have "the force of law" (quotation omitted)); *see Nicholson v. City of Warren*, 467 F.3d 525, 526–27 (6th Cir. 2006) (observing that "[e]xcusable neglect has been held to be a strict standard which is met only in extraordinary cases" and recognizing that "mistakes by those who proceed without counsel are not necessarily excusable" (citations omitted)); *cf. White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (concluding that a pro se prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address").

By Mr. Washington's own admission, he had money in hand, money that his family had given to him so he could live out of motels. [Def.'s Resp. at 1]. The cost of posting a letter and mailing it to the Court each time he switched motels would not have been expensive. In lieu of a letter, Mr. Washington could have asked his mother to call the Clerk's Office, as he did in the past, and notify it of each change in address as he swapped motels. But Mr. Washington did none of these things, despite being aware of Local Rule 83.13. The Court simply finds no basis in the record to conclude that his failure to file a timely notice of appeal was due to excusable neglect, and his motion for an extension of time to file an appeal [Doc. 152] is therefore **DENIED**. The Clerk of Court is **DIRECTED** to forward a copy of this Order to the Clerk of Court of the United States Court of Appeals for the Sixth Circuit.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
